JOHN B. ADAMS, ET AL. *v.* STEPHEN ADAMS.

**Life-Estate Holders Entitled to Homestead.**

One vested with a life-estate in real estate is as much entitled to a homestead as if he held the fee simple title.

**Creditors' Rights.**

Where a life tenant is entitled to a homestead right, if the life estate is worth more than $1,000 the creditors can subject the property to pay their claims by first paying to her $1,000; but in case the property is divisible, as much of it as is of the value of $1,000 may be set apart to the life tenant, and the balance subjected to creditors' claims.

APPEAL FROM DAVIESS CIRCUIT COURT.

October 24, 1879.

OPINION BY JUDGE PRYOR:

The conveyance could not have been fraudulent, for the reason that the money was advanced by the son and the property redeemed, not as a matter of right, but by the consent of the plaintiffs in the execution. The title, legal and equitable, had passed out of Mrs. Read, and the permission to redeem was a mere act of kindness on the part of the creditors toward a son who was anxious to relieve his mother from her pecuniary troubles.

The conveyance not being fraudulent, it is only necessary to determine what interest the appellant, Mrs. Read, has in the property. She is in the possession, entitled to a support and maintenance for life and to the rents and profits for the same period. She is vested with a life estate in the property, and is as much entitled to a homestead as if she owned the absolute fee. The very purpose of the deed was to secure her in this right, and the chancellor, in aid of such a laudable transaction, instead of pronouncing it fraudulent, must determine that she claims only what the law secures to her as against creditors. She is entitled to a homestead in the property, and if her life estate is more valuable than the $1,000, the creditor can subject it, by first paying to her that amount. If divisible, as much of the property as is of the value of $1,000 will be set apart to her, and the balance sold for and during her natural life. If indivisible, the life estate may be sold, and out of the proceeds the ap-

pellant will be first paid $1,000. The interest in remainder is vested in the son.

Judgment *reversed* and cause remanded for further proceedings.

*Little & Slack, for appellants.*

*W. N. Sweeney & Son, for appellee.*